**SIGNED.**

Dated: October 23, 2007

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>EDWARD KILE,<br><br>　　　　　　　　　Debtor. | Chapter 7<br><br>No. 4-04-bk-02237-JMM<br><br>**MEMORANDUM DECISION RE:**<br><br>**OBJECTION TO CLAIM #8** |

　　　　Before the court is the Debtor's objection to Claim #8 filed by creditor B-First, LLC / Chase Bank USA, N.A. ("B-First"). A hearing was held on October 2, 2007, at which time the court heard argument. Thereafter, the matter was taken under advisement. The objection was made by the Debtor, and not joined in by the Trustee. The case is apparently a "surplus" case, which thus gives the Debtor the legal standing to question and formally object to claims. 11 U.S.C. § 726(a)(6); 4 *Collier on Bankruptcy* ¶502.02[2][c] at 502-13 (15th ed. rev. 2006). The Debtor represented himself; the creditor was represented by Charles R. Smith.

## **BACKGROUND**

　　　　The Debtor filed a voluntary chapter 11 case on May 6, 2004. It was converted to a chapter 7 liquidation on June 14, 2005. Thereafter, the Trustee liquidated the estate, administered most of the claims, and is now in a position to distribute a dividend to creditors.

In accordance with bankruptcy requirements, the Debtor filed schedules of his assets and liabilities on June 21, 2004 (Dkt. #19). No debt to B-First was listed by the Debtor, nor was a consumer credit card debt of $8,210.49 (or an amount approximating that figure) listed. No amendments to the schedules of unsecured creditors were filed.

When the case was converted from a chapter 11 reorganization to a liquidation proceeding under chapter 7 on June 29, 2005, a notice was sent to creditors on the master mailing list, advising them to file their claims by March 2, 2006 (Dkt. #113). Creditor B-First appeared on that mailing list (Dkt. #114), having already filed a claim on August 1, 2005.

## The Claim

One of the Debtor's creditors is B-First, which filed an unsecured claim for $8,210.49 on August 1, 2005 (Claim #8). B-First's claim alleged that it was owed $8,210.49 as an unsecured credit card debt. Attached to the claim was a "summary" which contained only the Debtor's name and address, last payment date (9/23/01), last four digits of a social security number (0178) and the balance of $8,210.49. There was no statement, application, credit history, or other documentation supporting the claim attached at that time.

On October 6, 2006, the Debtor filed an objection to Claim #8, in which he maintained that he did not owe $8,210.49 to B-First, but that instead he and the "Creditor have agreed upon a stated amount," and urged the court to allow $4,926 (Dkt. #173). Creditor B-First received this objection, but failed to respond.

On December 19, 2006, the court overruled the objection, for the Debtor's failure to support a lesser settlement or agreement (Dkt. #207).

On June 21, 2007, the Debtor again objected to Claim #8 filed by B-First (Dkt. #244). His grounds this time included lack of a specific accounting and loan application. This time, there was no request to limit the amount.

On July 5, 2007, B-First filed a response to the objection, disputing Debtor's contentions (Dkt. #248).

2
Case 4:04-bk-02237-JMM   Doc 276   Filed 10/23/07   Entered 10/24/07 08:17:52   Desc
Main Document    Page 2 of 10

1 Then, on July 10, 2007 (Dkt. #258), the Debtor amended his latest objection, supporting it with his declaration.

Thereafter, on August 24, 2007, B-First filed an amended claim, for the same amount, and supported by an exhibit. The exhibit was an application for a credit card, signed by the Debtor, addressed to him at 1448 N. 1st Ave., Tucson, AZ. The application was dated September 2, 1995, and the Visa Gold Invitation was made to First USA Bank (Amended Claim #8). The last four digits of the handwritten application were 0178, and the Debtor listed his mother's maiden name as "Boeklen."

In the Debtor's voluntary chapter 11 petition, which he signed, the last four digits of his social security number match that on the application, 0178 (Dkt. #1).

On October 1, 2007, B-First amended its claim again, still for the same amount. This time, it included an account history, and an assignment document which indicated that it had succeeded to the receivable owed by the Debtor.

The Debtor's latest "amended objection" details twenty-one (21) numbered reasons for his belief that B-First's claim should be disallowed.

## ADDRESSING THE OBJECTIONS

This court will now address each claim objection, and determine if those objections merit disallowance of Claim #8.

**Contention 1: Creditor has failed to respond to Debtor's request for information on its claim**

The Debtor maintains that the creditor failed to supply information. However, the Debtor does not indicate when, nor how, any such information was requested. His Declaration (attached to Dkt. #258) does not provide a copy of any communication requesting information, nor does it indicate that he actually made a specific request. It merely states that the creditor failed to provide such information. Nor does the file reflect that the Debtor took advantage of the formal information requests allowed by FED. R. BANK. P. 2004.

3

Case 4:04-bk-02237-JMM   Doc 276   Filed 10/23/07   Entered 10/24/07 08:17:52   Desc
Main Document    Page 3 of 10

The objection to the B-First claim on this ground will be OVERRULED.

**Contention 2: Creditor failed to provide Debtor with a copy of his signed loan application**

The application was attached to B-First's amended claim, and thus cures the objection. It was signed by the Debtor, and the Debtor has not argued that the application was not signed by him.

The objection to the B-First claim on this ground will be OVERRULED.

**Contention 3: Creditor failed to provide Debtor with a list of all charges made by Debtor**

This objection is more difficult to decipher, in that, in his original objection to B-First's claim, the Debtor acknowledged the debt, and stated that an accord had been reached wherein the debt could be reduced from $8,210.49 to $4,926. To now contend that he owes nothing is inconsistent with his apparent claim that he never used the credit card in the first place. The Debtor must have had some factual basis upon which to arrive at the attempted settlement of $4,926. To now contend that no debt is owing is inconsistent with his earlier pleading. Nor, as pointed out above, did the Debtor describe how the creditor failed to respond to an inquiry, or whether an inquiry was ever made.

This objection will be OVERRULED.

**Contention 4: Creditor failed to provide Debtor with a list of all payments paid by Debtor to Creditor**

For the reasons set forth above, this objection likewise fails, and will be OVERRULED.

**Contention 5: Creditor failed to provide Debtor with a list of all calculations for any and all interest charges in regards to Claim No.3, filed by Creditor on July 29, 2005**

This objection relates to Claim #3, not this claim, which is #8. It will be OVERRULED.

**Contention 6:       None (number skipped)**

4

Case 4:04-bk-02237-JMM   Doc 276   Filed 10/23/07   Entered 10/24/07 08:17:52   Desc
Main Document    Page 4 of 10

**Contention 7: Creditor failed to provide to Debtor proof of any and all amounts due and owing to Creditor**

This objection lacks merit. The creditor filed a claim, a credit history, and a Visa application. To date, the Debtor has not indicated that he never received an application or credit card from First USA, which application appears to have been signed by him. That is the entity which issued the card. There was a later assignment of the receivable to the instant creditor, B-First, which attached a copy thereof to its latest amended claim in response to the Debtor's concerns. This objection will be OVERRULED.

**Contention 8: Creditor failed to provide information regarding Debtor's outstanding sums, owing to other creditor, which were transferred to Creditor**

The payment history and application are attached, as is the assignment document. The balance claimed to be due is $8,210.49. This objection will be OVERRULED.

**Contention 9: Creditor has failed to provide the date upon which Creditor was transferred Debtor's outstanding obligations**

The Bill of Sale, attached to B-First's most recent amendment, indicates that the sale date was July 27, 2004. This cures the objection. This objection will be OVERRULED.

**Contention 10: Creditor failed to inform Debtor of any transfer of financial obligations as required by California Civil Code**

The Debtor has not specifically identified a California statue, nor indicated why California law is applicable. For its inspecificity, this objection will be OVERRULED.

**Contention 11: Creditor had a duty to provide all information requested by Debtor**

The Debtor has failed to show it ever specifically requested any information from the creditor. No correspondence, orders, or other communications between the parties haves been attached to any of the

Debtor's objections or pleadings. The objections themselves, if that is what the Debtor is referring to, are pleadings seeking court relief, not discovery tools.

The Debtor has failed to show that B-First breached any "duties" to him. therefore, this objection will be OVERRULED.

**Contention 12: As a Creditor and a California corporation, the Creditor must conform to California Civil Code. Creditor is required to conform to CA CIV Code §§ 1788 - 1788.32**

There is nothing in the record to reflect that B-First is a California corporation, nor that it is bound by the California state laws to which the Debtor refers. Indeed, this creditor's mailing address, on its original and amended claims, has consistently been to an address in Seattle, Washington.

The Debtor has failed to show how a California statute has any bearing on this claim. Therefore, the objection on this ground will be OVERRULED.

**Contention 13: Debtor denies that he ever contracted with Creditor for any sums as alleged by Creditor**

This assertion lack credibility, due to Debtor's original claim objection, which noted that he had made a settlement for a lesser sum, $4,926. And, it is noteworthy that, due to the assignment of this receivable, Debtor has failed to deny execution of the credit card application dated September 2, 1995 (attached to amended claim, filed August 24, 2007). This objection will be OVERRULED.

**Contention 14: Creditor had a duty to provide all information requested by Debtor**

This contention has been addressed above, and rejected. Objection on this ground will be OVERRULED.

**Contention 15: Debtor contests that he has any liability to Creditor for any payment of any sum**

This argument has been addressed above, and lacks merit. Objection on this ground will be OVERRULED.

**Contention 16: Although Debtor contests he owes Creditor any monies, Creditor took no action to collect any alleged outstanding sums, prior to submitting its claim. As a result, Creditor waived any right to collect such funds. Debtor also asserts Creditor should be denied its claim based on Laches and Unclean Hands, Further, the Statute of limitations lapsed, for collecting the alleged debt, prior to Creditor filing its claim**

This contention boils down to a statute of limitations defense. The claim and amended claims filed by B-First clearly state that the "last payment date" was September 23, 2001.

The application, signed by the Debtor on September 2, 1995, on which the creditor bases its claim, bears a Tucson, Arizona address for the Debtor, Edward B. Kile. Because said application bears no choice of law provision, the court must conclude that it should adhere to Arizona law. In Arizona, the statute of limitations for a written contract (here, a contract for revolving credit services) is six (6) years from date of default. ARIZ. REV. STAT. § 12-548. The creditor maintains, in its Proof of Claim, that the last payment (the event of default) was September 23, 2001.

When the Debtor filed the bankruptcy case on May 6, 2004, the delinquency was less than three years old. Thus, the claim was not barred by the statute of limitations.

The Debtor's argument for the equitable defenses of laches and "unclean hands" are without any factual support.

Therefore, the Debtor's objections on these grounds will be OVERRULED.

**Contention 17: Debtor has no knowledge that he owes Creditor any outstanding amounts that are due or owing**

This objection lacks credibility due to Debtor's earlier admission, in his settlement effort associated with his first objection, that he owed at least $4,926.

7

This objection will be OVERRULED on estoppel and credibility grounds.

**Contention 18: Creditor's claim fails to conform to Bankruptcy Rule 3001(c); 13. [sic] When a claim is based on a writing, the writing must be included by the Creditor when filing the claim. See Rule 3001 (t). Creditor failed to include the writing in filing its claim**

The credit card application signed by the Debtor was attached to the amended claim of B-First. This negates the objection. Therefore, this objection will be OVERRULED.

**Contention 19:   None (number skipped)**

**Contention 20:  Creditor has failed to provide an adequate proof of claim to Debtor and the Court showing that its Claim is valid as shown Exhibit "B" and has failed to show a prima facie claim**

The creditor has noted, with exhibits, that it holds an unpaid receivable based upon a September 2, 1995, Visa credit card application executed by the Debtor in order to obtain a credit card from First USA Bank.

The Debtor has never stated that he did not sign that application, nor that he never received the card thereafter, nor that he never used it if received. The Debtor only alleges that he never applied for creditor from B-First. B-First only owns the receivable now, and was not the original creditor.

Unless the Debtor disclaims, under oath, that he applied for credit from First USA Bank, or that the application is a forgery, it is not material that B-First was not the originating creditor.

The court concludes that B-First filed a claim that is prima facie valid, and the Debtor has failed to overcome that presumption.

Accordingly, the Debtor's objection on this ground will be OVERRULED.

**Contention 21: As a result of Creditor's failure to provide the requested information and show that its Proof of Claim is valid, the Court must hold the Creditor's Claim is invalid as Creditor has failed to prove a valid Claim**

This contention is actually a claim for relief, on grounds previously discussed. To the extent that it is intended as a separate objection, it will be OVERRULED.

## CONCLUSION

For all of the reasons outlined above, the Debtor's objection to the claim of B-First will be overruled. A separate order will be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.



COPIES served as indicated below on the
date signed above:

Charles R. Smith
Charles R. Smith, P.C.
600 East Speedway
Tucson, AZ 85705                    Email: Charles.Smith@azbar.org

Daniel Dominguez
2210 N. Indian Ruins Road
Tucson, AZ 85715                    Email: dandominguez@epiqtrustee.com

Scott D. Gibson
Gibson, Nakamura & Green, Pllc
2941 N. Swan Rd., #101
Tucson, AZ 85712                    Email: SGibson@gnglaw.com

Christopher J Pattock
Office of the U.S. Trustee
230 N. First Ave., #204
Phoenix, AZ 85003-1706              Email: christopher.j.pattock@usdoj.gov

Larry Lee Watson
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706              Email: larry.watson@usdoj.gov

Edward Kile
5151 E. Broadway
Suite 1600
Tucson, AZ 85711                    U.S. Mail


By  M.B. Thompson
      Judicial Assistant

SIGNED